Leonard L. Greene v. Commissioner.
Greene v. Commissioner
Docket No. 56778.
United States Tax Court
T.C. Memo 1957-28; 1957 Tax Ct. Memo LEXIS 225; 16 T.C.M. (CCH) 133; T.C.M. (RIA) 57028; February 12, 1957
*225 The respondent determined deficiencies in petitioner's income tax for the years 1948, 1949, and 1950, and additions to tax under section 293(b), section 291(a), and section 294(d), Internal Revenue Code of 1939. In a petition filed, petitioner contested all of the adjustments and determinations made by respondent in his deficiency notice. Thereafter, respondent, on May 4, 1955, filed his answer in which he made certain affirmative allegations in support of his additions to the tax on account of fraud. Petitioner never filed any reply to these affirmative allegations. On July 26, 1955, respondent filed a motion that the affirmative allegations of fraud contained in his answer of May 4, 1955 be deemed to have been admitted. On September 14, 1955, the Court entered an order granting respondent's motion. On January 21, 1957, this proceeding came on for trial in New York City. Petitioner did not appear in person or by counsel. Respondent thereupon introduced in evidence a copy of the deficiency notice and called the Court's attention to its order of September 14, 1955, deeming respondent's affirmative allegations of fraud to have been admitted. Held, petitioner is liable for the deficiencies *226 in income tax as determined in the deficiency notice, and he is also liable for the additions to the tax under sections 291(a) and 294(d) of the 1939 Code. Held, further, part of the deficiencies in each of the taxable years was due to fraud with intent to evade tax and the imposition of 50 per cent addition to the tax on account of fraud by the Commissioner is sustained. William G. O'Neill, Esq., for the respondent. BLACK Memorandum Findings of Fact and Opinion BLACK, Judge: The Commissioner has determined deficiencies in petitioner's income tax and additions thereto, as follows: Additions to Tax
Sec.
Sec.
Sec.
Year
Deficiency
293(b)
291(a)
294(d)
1948
$1,243.37
$ 621.68
$ 310.84
$ 198.93
1949
1,965.77
982.89
491.44
350.28
1950
4,781.59
2,390.80
1,195.40
842.50
*227 The petition which was filed on March 10, 1955, contests all of the adjustments made by the Commissioner in his determination of the deficiencies. The petition also contests the Commissioner's imposition of additions to the tax. Respondent, on May 4, 1955, filed his answer to the petition in which he made certain affirmative allegations with respect to his imposition of additions to the tax on account of fraud. Among the affirmative allegations contained in his answer were paragraphs 7 and 8 which read as follows: "7. Petitioner willfully, knowingly and fraudulently failed to file an income tax return for the taxable year 1948 and petitioner willfully and knowingly filed false and fraudulent income tax returns for the taxable years 1949 and 1950. All of the foregoing was done with intent to defeat and evade the payment of lawful tax due the United States. "8. All, or part, of the deficiencies in income taxes for the taxable years 1948, 1949 and 1950 is due to fraud, with intent to evade the payment of tax." Respondent, in his answer, also set out in paragraphs 9 and 10 thereof the facts upon which he relied in support of the foregoing affirmative allegations. The petitioner *228 not having filed any reply to the affirmative allegations contained in respondent's answer, respondent, on July 26, 1955, filed a motion which, among other things, contained the following: "WHEREFORE, respondent moves that an order be entered herein that the undenied allegations contained in paragraphs 7 to 10, inclusive, of the answer be deemed to be admitted in accordance with the provisions of Rules 15 and 18 of the Rules of Practice of the Court." On September 14, 1955, the Tax Court entered an order granting respondent's said motion. Thereafter, this proceeding was set for trial on January 21, 1957, at Courtroom, Grand Central Terminal Building, New York, New York. On said date the proceeding was called for trial and petitioner did not appear, either in person or by counsel. Thereupon, the Commissioner introduced in evidence a copy of the deficiency notice mailed to petitioner on December 28, 1954, and also called the Court's attention to the Court's order of September 14, 1955, deeming the affirmative allegations contained in respondent's answer of May 4, 1955, as having been admitted by petitioner. Wherefore, premises considered, the Court finds that the deficiencies *229 in petitioner's income tax for the respective taxable years are as determined by the Commissioner in the deficiency notice. The Court also finds that the additions to tax under section 291(a) are as determined by the Commissioner in his deficiency notice. The Court also finds that the additions to tax under section 294(d) are as determined by the Commissioner in his deficiency notice. The Court further finds that a part of the deficiency in each of the taxable years is due to fraud with intent to evade the tax and that the 50 per cent addition to tax on account of fraud as determined by the Commissioner in his deficiency notice is sustained. Decision will be entered for the respondent.